UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALAN VAZQUEZ LOPEZ, | No. 1:26-cv-02338-DAD-CKD |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS, DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AS MOOT, AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT |
| WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, | |
| Respondent. | |
| | (Doc. Nos. 1, 2, 3, 4) |

On March 26, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2),[1] a motion for temporary restraining order (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4).

/////

---

[1] Petitioner's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2) and is therefore granted.

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence that he entered the United States on December 31, 2023, was detained by border patrol officers, and released on January 4, 2024, on his own recognizance. (Doc. No. 1 at 3, 9–10.)  On December 30, 2024, petitioner was charged for a misdemeanor offense of obstructing or delaying a police officer in violation of California Penal Code §148(a)(1) and has been attending his court dates in relation to that charge.  (*Id.* at 3, 16.)  On January 27, 2025, petitioner was issued a work permit and a social security number which were valid until 2030.  (*Id.* at 3, 18.)  On March 13, 2026, petitioner was in court when he was detained by ICE without a warrant.  (*Id.* at 3.)

On March 26, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's decision in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release.  (Doc. No. 6.)

On March 30, 2026, respondent filed an opposition to the motion for temporary restraining order.  (Doc. No. 8.)  Respondent concedes therein that "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order."  (*Id.* at 1.)  Respondent also states that it does not oppose converting petitioner's motion for temporary restraining order to a motion for preliminary injunction.  (*Id.*)  Moreover, respondent states that it does not oppose the court resolving the underlying petition for writ of habeas corpus based on the current briefing.  (*Id.*)  Still, respondent opposes petitioner's motion based on the reasons set forth in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  (*Id.* at 2.)  The court recently explained why it finds the reasoning of the majority in *Buenrostro-Mendez* to be unpersuasive.  *See Iskandar Wasef v. Chestnut*, et al., 1:26-cv-01078-DAD-JDP, 2026 WL 392389 (E.D. Cal. Feb. 12, 2026).  The court incorporates that reasoning here.

/////

2

Because respondent has conceded that this case is not substantively distinct from the situation addressed in the court's prior order in *Ayala Cajina*, the court incorporates and adopts the reasoning set forth in that order here and finds that petitioner's continued detention violates due process.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ORDERED to immediately release petitioner from respondent's custody on the same conditions he was subject to immediately prior to his March 13, 2026 re-detention;

   b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondent will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3. Petitioner's motion for a temporary restraining order (Doc. No. 3) is hereby DENIED as having been rendered moot by this order granting him habeas relief;

4. Petitioner's motion to appoint counsel (Doc. No. 4) is hereby DENIED as having been rendered moot by this order granting him habeas relief; and

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **March 31, 2026**                    _____

                                              DALE A. DROZD
                                              UNITED STATES DISTRICT JUDGE